

UNITED STATES DISTRICT COURT    JUDGE JOAN H. LEFKOW
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION    MAGISTRATE JUDGE FINNEGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **10CR 0516** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| BRUCE BROWN, | ) | Code, Sections 1341, 1343 and |
| WALKER SMITH, | ) | 1344. |
| BRIGITTE GROSE, | ) | |
| MARIO MOORE, | ) | **FILED** |
| ANNE TAYLOR, and | ) | |
| BERNARD SHEPPARD | ) | JUN 16 2010 |

JuN 16, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>COUNT ONE</u>

The SPECIAL MARCH 2010 GRAND JURY charges:

1.    At times material to this indictment:

**The Defendants**

a.    Defendant BRUCE BROWN ("BROWN") was in the business of brokering real estate transactions in the Chicago area.

b.    Defendant WALKER SMITH ("SMITH") was a loan originator licensed in Illinois and employed by Allied Home Mortgage at various locations in the Chicago area.

c.    Defendants BRIGITTE GROSE ("GROSE") and MARIO MOORE ("MOORE) purchased real estate properties.

d.    Defendant ANNE TAYLOR ("TAYLOR") was a licensed real estate agent and broker in the State of Illinois and the owner of Anne Taylor Realty in Flossmoor, Illinois.

e.    Defendant BERNARD SHEPPARD ("SHEPPARD") was a licensed

real estate agent in the State of Illinois and employed by Real People Realty in Frankfort, Illinois.

## The Lenders

f.      Fremont Investment & Loan, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), Argent Mortgage, Decision One Mortgage, WMC Mortgage, Indy Mac Bank, and Accredited Home Lenders as well as their agents, successors, assigns, nominees, servicers and trustees ("lenders") made mortgage loans to borrowers located across the United States, including the Northern District of Illinois.

g.      Lenders required applications for mortgage loans to provide truthful information, including information regarding a borrower's income, assets, financial condition, real estate owned, rental income received, payment of earnest money, sales price of the property, and intention to occupy the property purchased, which information was material to the approval, terms, and funding of the loan.

2

**The Scheme**

2.      Beginning no later than in or about May 2005, and continuing at least through in or about April 2006, at Arlington Heights, Des Plaines, Chicago, Hinsdale, and Richton Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
WALKER SMITH,
BRIGITTE GROSE,
MARIO MOORE,
ANNE TAYLOR, and
BERNARD SHEPPARD,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from mortgage lenders, by means of material false representations, pretenses and promises, and by material omissions, which scheme affected a financial institution, and in furtherance thereof, used interstate letter carriers and interstate wire transmissions which scheme is further described below.

3.      It was part of the scheme that from no later than in or about May 2005, and continuing at least through in or about April 2006, defendants fraudulently obtained mortgage loans, including loans secured by real property located at 7826 S. Marshfield, Chicago, Illinois; 6608 S. Lowe, Chicago, Illinois; 6610 S. Lowe, Chicago, Illinois; 7225 S. Halsted, Chicago, Illinois; 20431 Greenwood, Olympia Fields, Illinois; and 6513 S. Evans, Chicago, Illinois ("the BROWN Residences"), from which the defendants obtained more than $1.8 million in fraudulent mortgage loan proceeds from mortgage lenders for themselves

3

and others.

4.      It was further part of the scheme that defendant BROWN recruited defendant GROSE to be a business partner and buyer of 7826 S. Marshfield, Chicago, Illinois; 6608 S. Lowe, Chicago, Illinois; and 6610 S. Lowe, Chicago, Illinois, with promises that defendant GROSE would receive monetary benefits for serving as a business partner and buyer of those properties.

5.      It was further part of the scheme that defendant BROWN recruited defendant MOORE to be a nominee buyer of 7725 S. Halsted, Chicago, Illinois; 20431 Greenwood, Olympia Fields, Illinois; 6513 S. Evans, Chicago, Illinois; and 6608 S. Lowe, Chicago, Illinois, with promises that defendant MOORE would receive money for serving as the nominee owner of those properties.

6.      It was further part of the scheme that defendant BROWN negotiated with individuals, including Coschemer A and Coschemer B, to sell properties to defendants GROSE and MOORE and to provide proceeds from the sales to defendants BROWN, GROSE, and MOORE that were not disclosed to lenders.

7.      It was further part of the scheme that defendant BROWN referred defendants GROSE and MOORE to mortgage loan originators, including defendant SMITH, Coschemer D and Coschemer F, to prepare fraudulent loan applications and supporting documentation on behalf of defendants GROSE and MOORE.

8.      It was further part of the scheme that defendants BROWN, SMITH, and others,

4

prepared and caused to be prepared fraudulent mortgage loan applications on behalf of defendant GROSE to buy certain of the BROWN Residences, which applications contained a variety of material false statements and omissions regarding defendant GROSE's rental income, liabilities, intention to occupy the premises as a primary residence, and the existence and source of down payments, earnest monies, and second mortgages, well-knowing that the statements and omissions in these loan applications were false and material to the lenders' decisions to approve the loans.

9.     It was further part of the scheme that defendants BROWN and SMITH, along with Coschemer D, Coschemer F and others, prepared and caused to be prepared fraudulent mortgage loan applications on behalf of defendant MOORE to buy certain of the BROWN Residences, which applications contained a variety of material false statements and omissions regarding defendant MOORE's income, assets, rental income, liabilities, intention to occupy the premises as a primary residence, and earnest monies, well-knowing that the statements and omissions in these loan applications were false and material to the lenders' decisions to approve the loans.

10.     It was further part of the scheme that defendants GROSE and MOORE signed and verified the fraudulent mortgage loan applications in order to purchase the BROWN Residences, well-knowing that statements in the loan applications were false and were material to the lenders' decisions to approve the loans.

11.     It was further part of the scheme that defendants BROWN, SMITH, GROSE,

5

MOORE, TAYLOR and SHEPPARD, along with Coschemer A, Coschemer C, Coschemer D, Coschemer E, Coschemer F and others, created and caused to be created materially false documentation to support the fraudulent loan applications, including false real estate contracts, false second mortgages and promissory notes, false verifications of rent ("VORs") and deposits ("VODs"), false leases in support of false rental income, false letters in support of intent to occupy properties as primary residences, and false copies of down payment and earnest money checks, well-knowing that the statements in these documents were false and were material to the lenders' decisions to approve the loans.

12.     It was further part of the scheme that defendant GROSE along with Coschemer A executed and submitted to lenders false second mortgages and promissory notes for defendant GROSE's purchases of 6608 and 6610 S. Lowe, Chicago, Illinois, well-knowing that the second mortgages and promissory notes would not be enforced.

13.     It was further part of the scheme that Coschemer C signed a false VOD for defendant MOORE which falsely verified to WMC Mortgage the existence and balance of a Citibank account for defendant MOORE.

14.     It was further part of the scheme that defendant SHEPPARD and Coschemer E signed false VORs for defendant MOORE which falsely verified that defendant MOORE was a tenant and paid rent at prior residences.

15.     It was further part of the scheme that defendant TAYLOR knowingly created a fraudulent real estate contract and supporting documentation for MOORE's purchase of

20431 Greenwood, Olympia Fields, Illinois, which was submitted to Decision One Mortgage, when defendant TAYLOR well knew that MOORE was a nominee buyer, did not intend to occupy the property, and that proceeds from the sale would be paid to MOORE and that those facts would not be disclosed to the lender.

16. It was further part of the scheme that defendants BROWN, SMITH, GROSE, and MOORE, along with Coschemer D, Coschemer F and others, submitted and caused to be submitted to lenders the fraudulent loan applications and fraudulent supporting documentation.

17. It was further part of the scheme that defendants BROWN, SMITH, GROSE, MOORE and TAYLOR, along with Coschemer A, Coschemer B, Coschemer D, Coschemer F, and others acting on their behalf, attended certain of the real estate closings for the BROWN Residences, and caused to be created materially false closing documents, including settlement statements also known as HUD-1s, to enable the distribution of mortgage loan proceeds from the lenders.

18. It was further part of the scheme that Coschemer A, Coschemer B, and others on their behalf instructed title companies to issue multiple checks for their proceeds of the sales of the BROWN Residences so payments could be made to GROSE and MOORE without notifying the lenders.

19. It was further part of the scheme that defendants BROWN, SMITH, GROSE, MOORE, and TAYLOR, along with Coschemer A, Coschemer B, Coschemer D, Coschemer

7

F and others, received proceeds of and commissions from mortgage loans that lenders issued for the purchases of the BROWN Residences.

20.     It was further part of the scheme that defendants BROWN, GROSE, and MOORE did not make mortgage payments on the BROWN Residences as required by the lenders, thus causing the loans held in the names of defendants GROSE and MOORE to go into default and foreclosure.

21.     It was further part of the scheme that defendants BROWN, SMITH, GROSE, MOORE, TAYLOR, and SHEPPARD, along with Coschemer A, Coschemer B, Coschemer C, Coschemer D, Coschemer E, Coschemer F and others, fraudulently caused lenders to approve and fund mortgage loans to defendants GROSE and MOORE in an amount totaling at least approximately $1.8 million and to incur losses in the amount of at least approximately $1.06 million.

22.     It was further part of the scheme that defendants BROWN, SMITH, GROSE, MOORE, TAYLOR, and SHEPPARD, along with Coschemer A, Coschemer B, Coschemer C, Coschemer D, Coschemer E, Coschemer F and others, concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

23.    On or about June 17, 2005, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
WALKER SMITH, and
BRIGITTE GROSE,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the wire transfer of funds in the amount of approximately $172,622 from Deutsche Bank in New York, New York, to LaSalle Bank, in Chicago, Illinois,  which funds represented the proceeds of a mortgage loan issued to defendant GROSE for the purchase of 6608 S. Lowe, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

9

<u>COUNT TWO</u>

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about September 1, 2005, at Des Plaines, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,<br>
WALKER SMITH, and<br>
BRIGITTE GROSE,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the wire transfer of funds in the amount of approximately $173,098, from Fifth Third Bank in Cincinnati, Ohio, to Chase Bank of Texas in Houston, Texas, which funds represented a payoff of a mortgage loan issued by AMC Mortgage to defendant GROSE for the purchase of 6608 S. Lowe, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated  by reference as if fully restated herein.

2.     On or about November 15, 2005, at Des Plaines, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
WALKER SMITH, and
MARIO MOORE,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the wire transfer of funds in the amount of approximately $200,683, from Bank of New York, in New York, New York, to Fifth Third Bank in Cincinnati, Ohio, which funds represented the proceeds of a mortgage loan issued to defendant MOORE for the purchase of 7225 S. Halsted, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about March 2, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
MARIO MOORE, and
ANNE TAYLOR,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the wire transfer of funds in the amount of approximately $187,186, from HSBC Bank in Buffalo, New York, to LaSalle Bank in Chicago, Illinois, which funds represented the partial proceeds of a mortgage loan issued to defendant MOORE for the purchase of 20431 Greenwood, Olympia Fields, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about March 2, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,<br>
MARIO MOORE, and<br>
ANNE TAYLOR,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the wire transfer of funds in the amount of approximately $46,616, from HSBC Bank in Buffalo, New York, to LaSalle Bank in Chicago, Illinois, which funds represented the partial proceeds of a mortgage loan issued to defendant MOORE for the purchase of 20431 Greenwood, Olympia Fields, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.     On or about March 17, 2006, at Hinsdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN, and
MARIO MOORE,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be sent and delivered by private letter carrier, according to the directions thereon, a mortgage payoff check in the amount of approximately $231,178, to People's Choice Home Loan, Inc., in Irvine, California;

In violation of Title 18, United States Code, Section 1341.

14

## COUNT SEVEN

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      On or about March 17, 2006, at Hinsdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN, and
MARIO MOORE

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be sent and delivered by private letter carrier, according to the directions thereon, a mortgage payoff check in the amount of approximately $56,637, to People's Choice Home Loan, Inc., in Irvine, California;

In violation of Title 18, United States Code, Section 1341.

## COUNT EIGHT

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 22 of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.     On or about April 5, 2006, at Richton Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
MARIO MOORE, and
BERNARD SHEPPARD,

defendants herein, along with others, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a verification of rent form faxed from Illinois to Arizona, submitted on behalf of defendant MOORE for his purchase of 6608 S. Lowe, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

The SPECIAL MARCH 2010 GRAND JURY further charges:

1.      The allegations in paragraphs 1, and 3 through 22, of Count One of this indictment are hereby realleged and incorporated by reference as if fully restated herein.

2.      Beginning no later than in or about May 2005, and continuing at least through in or about April 2006, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
WALKER SMITH, and
BRIGITTE GROSE,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property owned by and under the custody and control of, Fremont Investment & Loan, an FDIC-insured financial institution who made mortgage loans, by means of materially false and fraudulent pretenses, representations, and promises.

4.      On or about July 18, 2005, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE BROWN,
WALKER SMITH, and
BRIGITTE GROSE,

defendants herein, along with others, for the purpose of executing and attempting to execute the above described scheme, knowingly submitted and caused to be submitted to Fremont

17

Investment & Loan false documents concerning the source and payment of earnest money and a seller's second mortgage to cause Fremont Investment & Loan to fund a mortgage loan in the amount of approximately $173,961, to defendant GROSE for the purchase 6610 S. Lowe, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION ONE

The SPECIAL MARCH 2010 GRAND JURY further alleges:

1.     The allegations in Count One through Count Eight of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     As a result of their violations of Title 18, United States Code, Sections 1341 and 1343 as alleged in Count One through Count Eight of the indictment,

BRUCE BROWN,<br>
WALKER SMITH,<br>
BRIGITTE GROSE,<br>
MARIO MOORE,<br>
ANNE TAYLOR, and<br>
BERNARD SHEPPARD,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained, directly and indirectly, as the result of such violations.

3.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) as incorporated by Title 28, United States Code, Section 2461(c), include funds in the amount of approximately $905,500.

4.     If any of the forfeitable property described above, as a result of any act or

19

omission by the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

## FORFEITURE ALLEGATION TWO

The SPECIAL MARCH 2010 GRAND JURY further alleges:

1.     The allegation in Count Nine of this indictment is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2.     As a result of their violation of Title 18, United States Code, Section 1344 as alleged in Count Nine of the indictment,

> BRUCE BROWN,
> WALKER SMITH, and
> BRIGITTE GROSE,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained, directly and indirectly, as the result of such violations.

3.     The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2), include funds in the amount of approximately $161,500.

4.     If any of the forfeitable property described above, as a result of any act or omission by the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

21

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(2).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY

22